*741 OPINION.
Black:
The issues in this proceeding are largely matters of fact. The petitioner is a general contractor in the construction business and his income has been computed by the Government on the net worth basis on account of his method of bookkeeping. As stated’ in the findings of fact, petitioner has no books for 1921 and the first four months of 1922. He had books for 1921 but they were lost at the time of the death of his former bookkeeper, Palmer. For the year 1923 the petitioner contends that the respondent erred in not deducting from net income alleged losses for the two prior years and that respondent overstated petitioner’s income for 1923 by $1,979.17 on account of understating petitioner’s net worth at the beginning of the year by $1,979.17. We think this latter contention of petitioner must be sustained. The evidence introduced at the hearing establishes to our satisfaction that the items aggregating $1,979.17 as shown in our findings of fact were not income for the year 1923. The alleged losses for the years 1921 and 1922 were disallowed by the respondent on the ground that they had not been substantiated.
Section 204 (b) of the 1921 Act very properly requires that net losses of one year to be carried forward and used as a deduction from net income of a succeeding year, must be well authenticated. In the instant case petitioner’s income-tax return for 1921 showed a loss of $5,180.50.
Respondent does not seek to disturb the return for that year in so far as income taxes for 1921 are concerned, but when petitioner seeks to carry forward such loss and use it as a deduction in determining 1923 net income, respondent asks for authentication. Petitioner is unable to furnish satisfactory authentication. The boobs for 1921 are lost. The bank deposit slips, contracts, bills payable, invoices for materials, etc., from which the witness Yolk prepared the 1921 return are lost or destroyed.
Petitioner filed an amended return for 1922 which showed a loss of $14,700.47, which he designates on his return as “net business loss.” It must be remembered, however, that the loss shown on taxpayer’s income-tax return is not necessarily the statutory net loss which may be carried forward and used as a deduction from petitioner’s net income for the following year. There are certain deductions, for example, which are allowed to the individual taxpayer under section 214 of the Revenue Act of 1921, in computing his net income for the taxable year, which have nothing to do with his busi *742 ness. These deductions have the effect of increasing taxpayer’s loss on his return, but may not be used in increasing the statutory net loss of his business, for they have nothing to do with his business. For example, in the instant case, in determining petitioner’s losses for 1922, there are included an item of $183.63 loss on service garage, and an item of $210, loss on “ Clark Imp.” These items of deduction appear to have nothing to do with petitioner’s business, which was that of a general contractor. They were personal losses. Therefore, whereas his loss as shown by his income-tax return for 1922 was $14,700.47, his statutory net loss would be his actual loss reduced by the two foregoing items of deduction aggregating $393.63, leaving a statutory net loss $14,406.84. We therefore hold that respondent correctly disallowed as a deduction in determining 1923 net income the 1921 loss of $5,180.50, because not properly substantiated. We hold that resjmndent erred in refusing to allow petitioner’s statutory net loss for 1922, which we hold to be $14,406.84, as a deduction from petitioner’s 1923 net income. This loss was satisfactorily substantiated by taxpayer’s books.
For the year 1924 inventory adjustments of $4,500 are also in dispute. This amount'represents $2,000 in cash and the cost of an automobile, $2,500, both of which were paid into the construction account by the petitioner and increased petitioner’s net worth by the respective amounts. Respondent added these items to income for 1924. Since the petitioner has failed to show that these amounts were not income during the year in question, the respondent’s determination should not be disturbed.
The remaining issues relate to petitioner’s transactions with the Elmore Copper Co., of which he was the owner of 33,300 shares costing $16,650. From the record it is apparent that this stock became worthless in 1924 and accordingly the cost is deductible from net income in that year. We are of the opinion that since no profit was reflected on the petitioner’s books in 1920 for the work done under the construction contract with the Elmore Copper Co., for which he was to receive 10,000 shares of stock, but never did receive them, any deduction for a loss on account of this transaction would result in a distortion of income, and accordingly petitioner’s contention as to this item should be denied. The $1,800 advancements to employees engaged on the copper contract represents a bad debt and is deductible in the year 1924, when it was determined to be worthless.
The only issue as to the year 1925 is the failure of the respondent to allow net losses sustained in the year 1924. In final determination of petitioner’s tax under Rule 50, we are of the opinion there will be no net loss for 1924.
We have held, however, in the appeals of P. Kobbe Co., 4 B. T. A. 663, and Lawrence J. Montgomery, 17 B. T. A. 1308, that where to *743 further his regular business taxpayer purchased stock in a corporation and stock subsequently became worthless, that loss was one sustained in operation of regular business and should be included in computing net loss, as defined by the statute. Therefore, if petitioner had any net loss for 1924 it should be used as a deduction from his 1925 net income in the manner prescribed by section 206 of the Revenue Act of 1926, because the Revenue Act of 1926 is made applicable by its terms to 1925 income.

Judgment will be entered under Rule 50,